SKAPURA *v.* McFAUL.*

[Cite as Skapura v. McFaul (1977), 57 Ohio App. 2d 128.]

(No. 38373—Decided August 19, 1977.)

*Mr. Stephan Landsman,* for petitioner.
*Mr. John T. Corrigan,* prosecuting attorney, for respondent.

DAY, C. J. We granted a writ of habeas corpus in this case to bring the complainant before us for a determination of the continuing legality of his detention in county jail in the light of R. C. 2947.151. That section provides:

"* * * Reduction of jail sentence.

"The sheriff in charge of a county jail may, upon a consideration of the quality and amount of work done in the kitchen, in the jail offices, and on the jail premises, or elsewhere, allow reductions of inmates' sentences as follows:

"(A) On sentences of ninety days or less, up to three days for each thirty days of sentence;

"(B) On sentences longer than ninety days but not longer than six months, up to four days for each thirty days of sentence;

"(C) On sentences longer than six months, up to five days for each thirty days of sentence.

"The reduction of the inmate's sentence shall become effective only upon the written concurrence of the presid-

---

*Reporter's Note: The judgment in this case was affirmed by the Supreme Court of Ohio, in 54 Ohio St. 2d 348.

ing or sentencing judge or magistrate of the court where the sentence was imposed.

"This section shall in no way restrict any other powers vested in the presiding or sentencing judge or magistrate of the court where the sentence was imposed."

## I.

The hearing pursuant to the granting of the writ in this case discloses that the sheriff recommended a twenty-four day reduction on a form designed for that purpose and that the trial judge without a hearing disapproved the reduction.

However, the sentencing judge testified at the hearing in this court. On direct and cross-examination it was established that he remembered the details of the crime in question; that he considered the seriousness of the offense; correspondence from the complainant since his incarceration; and his trial notes. There was independent testimony by a representative of the sheriff's office whose responsibility included the processing of the particular "reduction of jail time" recommended in this case. The representative testified she had spoken with the judge after transmittal of the reduction recommendation and that he had indicated he needed some time to think about his course of action.

## II.

Complainant contends that the failure to hold a hearing to investigate the sheriff's recommendation denies rights vouchsafed him by the Due Process Clause of the Fourtenth Amendment to the Constitution. Complainant further contends that if R. C. 2947.151 can be interpreted as justifying the action of the sentencing court without a hearing, then the statute is unconstitutional.

Our disposition must turn on non-constitutional considerations if there is a basis for deciding the case without reaching the constitutional issues. We do not reach them. Our conclusions are based on our reading of R. C. 2947.151 and the facts developed during the hearing.

## III.

It is obvious on the face of the statute in question that the legislative purpose was to allow rewards for the quality and amounts of work done by persons convicted of mis-

demeanors and confined in the county jail. Implicit in the provision of the statute requiring the judge's concurrence in the sheriff's recommendation is the recognition of the necessity for judicial supervision of the process. Such supervision protects the integrity of the statutory scheme and enables a check on the validity of the executive judgment made by the sheriff. It is also conceivable that judicial overview was intended to maintain the separation of powers by keeping the ultimate sentencing decision in the hands of the court.

This program obviously placed a responsibility on the court which required a factual inquiry to enable the court to develope the information essential to the discharge of its statutory duties. To conclude otherwise would enable uninformed judicial action to negate the legislative purpose.

A hearing is the usual and traditional practice when courts make factual determinations. Clearly, a hearing is the procedure of choice although referees and commissioners are sometimes utilized in particular situations not relevant here.

## IV.

It is established in this case that no hearing was held before the sentencing court disapproved the sheriff's recommendation.

Although a hearing is the preferable prelude to the discharge of the judicial duty imposed by R. C. 2947.151 (and in some circumstances a hearing may be essential), on the evidence in this case we do not find the lack of hearing to be harmful error. The omission was not so grossly abusive of the judicial discretion posited by the statute that the continued detention of the complainant is illegal.

## V.

The writ is discharged. The complainant is remanded to custody. This opinion is incorporated by reference into the journal entry discharging the writ and remanding the complainant dated August 19, 1977.

*Writ denied.*

PARRINO and STILLMAN, JJ., concur.